Philip R. Weltin, Esq. SBN 46141
Michael J. Villeggiante, Esq. SBN 284860
WELTIN, STREB & WELTIN, LLP
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone    (510) 251-6060
Facsimile    (510) 251-6040
pweltin@weltinlaw.com
mvilleggiante@weltinlaw.com

Attorneys for Plaintiff,
DAVID BOARDMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOARDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EVERGREEN MARINE CORPORATION (TAIWAN) LTD.; TRITON INTERNATIONAL LTD.; ABB INSTALLATION PRODUCTS, INC.; and DOES 1 to 30,<br><br>　　　　　Defendants. | CASE NO. 3:22-cv-05178<br><br>**COMPLAINT AND JURY DEMAND** |

　　　Plaintiff David Boardman, by and through his counsel of record, alleges as follows:

**PARTIES**

　　　1.　　Plaintiff David Boardman is a 60 year-old adult male and resident of the state of California. He brings and maintains this action pursuant to the laws of the State of California, section 905(b) and other relevant provisions of the Longshore and Harbor Workers' Compensation Act (33 U.S. Code §§ 901, et seq.), under the general admiralty and maritime law, and/or under all other applicable federal and state law, as may be appropriate.

//

---

1

Complaint and Jury Demand

2. Defendant Evergreen Marine Corporation (Taiwan) Ltd. ("Evergreen Taiwan") is a marine cargo and transportation company that is organized and exists under the laws of Taiwan with its principal place of business in Taiwan. At all relevant times, Evergreen Taiwan and Does 1-30, and their agents and employees, owned, controlled, and provided the crew for the vessel known as the *Ever Lunar*.

3. Defendant Triton International Ltd. ("Triton") is an intermodal transportation equipment leasing, sales, and service company that is organized and exists under the laws of Bermuda, with a principal place of business in New York. At all relevant times, Triton and Does 1-30, and their agents and employees, owned, leased, and/or otherwise had property rights to the intermodal container identified by, associated with, or otherwise known by the container number TCLU1332327.

4. Defendant ABB Installation Products, Ltd. ("ABB"), formerly known as Thomas & Betts, is a design and manufacturing company for electrical and communications parts, equipment, connectors and components. ABB is organized and exists under the laws of Tennessee, and has a principal place of business in North Carolina.

5. Plaintiff does not know the true names and/or capacities, whether corporate or otherwise, of those defendants sued herein as Does 1-30, inclusive. Such defendants are named herein pursuant to California law, and further pursuant to such law, Plaintiff will seek leave of court to amend this complaint to allege said defendants' true names and capacities when he ascertains them. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the defendants designated herein by such fictitious names are responsible in some manner for the events described herein, and caused injuries and damages to Plaintiff.

6. At all relevant times, each defendant acted as the agent and/or employee of each other defendant, and all defendants acted together as part of a joint venture, unincorporated association, or other concerted effort.

**JURISDICTION AND VENUE**

7. Plaintiff incorporates paragraphs 1 through 6, above, as though fully set forth herein.

//

8. Jurisdiction and venue are proper pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, because the parties are completely diverse and because the amount in controversy exceed $75,000. Jurisdiction and venue are also proper because this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30101, because the events described herein occurred on the navigable waters of the United States and had an impact on maritime commerce; because the injuries suffered by Plaintiff as a result of those events were caused by a vessel on such navigable waters; because the events described herein relate to traditional commercial maritime activity. Jurisdiction and venue are also proper because each defendant does business in the state of California generally and within this Court's jurisdictional area specifically, either on its own or through its agents, employees, and/or related companies. Finally, jurisdiction and venue are proper because the events from which this complaint arises occurred within this Court's jurisdictional area.

**FACTS**

9. Plaintiff incorporates paragraphs 1 through 8, above, as though fully set forth herein.

10. At all times relevant to this action, defendants Evergreen Taiwan and Does 1-30, and their agents and employees, owned, leased, possessed, operated, crewed, and/or otherwise controlled the vessel known as the *Ever Lunar*.

11. On or about September 19, 2020, the *Ever Lunar* was docked and undergoing stevedoring operations at the Everport marine terminal at the Port of Oakland, in Oakland, California. That day, Plaintiff was involved in an accident and injured while working as a longshore mechanic aboard the *Ever Lunar*.

12. The accident occurred when Plaintiff attempted to plug in a "reefer," i.e. a refrigerated intermodal container. That container is identified by, associated with, or otherwise known by the container number TCLU1332327. At all relevant times, Triton and Does 1-30 owned, leased, distributed, and/or otherwise had property rights to that container.

13. When Plaintiff plugged in the container, there was a malfunction with the electrical equipment on the *Ever Lunar* and/or the container. That malfunction caused an electrical shock and blast.

14. That electrical shock and blast caused Plaintiff several injuries, including but not limited to severe damage to Plaintiff's fingers and hand. Plaintiff also suffered psychological injury and emotional distress as a result of the incident.

15. Evergreen Taiwan and Does 1-30, and their agents and employees, owned, installed, assembled, maintained, and otherwise controlled the electrical equipment on board the *Ever Lunar*. ABB and Does 1-30, and their agents and employees, designed, manufactured, assembled, sold, distributed, and otherwise provided the electrical equipment involved in the accident, both on board the *Ever Lunar* itself and on the container. Triton and Does 1-30, and their agents and employees, owned, designed, manufactured, assembled, distributed, sold, leased, and otherwise controlled and provided the container and the electrical equipment thereon.

16. Damages incurred by Plaintiff as a result of the incident include past and future expenses for the care associated with his physical and psychological injuries, past and future wage losses and lost earning capacity, and general damages both for garden-variety pain and suffering and for psychological injury and emotional distress.

17. At the time of the accident, Plaintiff was using all equipment involved in the accident, including the plug, container, and associated electrical equipment, in a foreseeable manner and in a manner which they were intended to be used.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

18. Plaintiff incorporates paragraphs 1 through 17, above, as though fully set forth herein.

19. Defendants Evergreen Taiwan, Triton, ABB, and Does 1-30, and each of them, and their agents, employees, and servants, had a duty to use reasonable care to avoid harm to Plaintiff and his fellow longshoremen.

20. Defendants Evergreen Taiwan, Triton, ABB, and Does 1-30 negligently failed to take reasonable care to protect workers from foreseeable risks of harm, through both their acts and omissions.

21. More specifically, Evergreen Taiwan and Does 1-30, and their agents and employees, failed to turn over their vessel in a reasonably safe condition, failed to exercise reasonable care to avoid exposing longshore workers to hazards from equipment and areas under the active control of such defendants, failed to warn of hazards that such defendants were or should have been aware of,

failed to turn off the power source to the plugs and electrical equipment that Plaintiff was working with, failed to warn Plaintiff of hazards associated with the electrical equipment and Plaintiff's work area, failed to take reasonable action to properly assemble, install, inspect, maintain, and repair the equipment involved in the accident, failed to provide reasonable safeguards, rules, regulations, supervision, and staffing aboard the ship to prevent hazards and accidents like those that caused Plaintiff's injury, failed to act in accordance with industry standards and customs, and were otherwise negligent in connection with the accident.

22. ABB and Does 1-30, and their agents and employees, negligently sold, leased, or otherwise distributed the electrical equipment involved in the accident described above, including component parts of such equipment. That electrical equipment was defectively designed and manufactured for the particular purpose to which it was being used, the type of foreseeable work being performed at the time of the accident, and the foreseeable risks associated with such work. Because of its defective design and manufacture, the electrical equipment also did not operate safely and in the manner that a foreseeable and ordinary consumer or user would have expected. ABB and Does 1-30, and their agents and employees, failed to exercise reasonable care to ensure that the design, manufacture, assembly, installation, and use of such electrical equipment was safe for users of such equipment and safe for the uses to which such equipment was put, failed to warn of hazards associated with such equipment that they were or should have been aware of, failed to take reasonable action to inspect, maintain, test, and repair the electrical equipment involved in the accident prior to placing it in the stream of commerce, failed to provide reasonable safeguards to prevent or otherwise avoid such accidents like those that caused Plaintiff's injury, and were otherwise negligent in connection with the manufacture, design, assembly, installation, and sale of the electrical equipment involved in the accident.

23. Triton and Does 1-30, and their agents and employees, negligently sold, leased, or otherwise distributed the intermodal container involved in the accident described above, including the component electrical equipment on such container. That container and electrical equipment were defectively designed and manufactured for the particular purpose to which it was being used, the type of foreseeable work being performed at the time of the accident, and the foreseeable risks associated with such work. Because of its defective design and manufacture, the container's

5
Complaint and Jury Demand

electrical equipment also did not operate safely and in the manner that a foreseeable and ordinary consumer or user would have expected. Triton and Does 1-30, and their agents and employees, failed to exercise reasonable care to ensure that the design, manufacture, assembly, installation, and use of such equipment was safe for its users and safe for the uses to which such equipment was put, failed to warn of hazards associated with such equipment that they were or should have been aware of, failed to take reasonable action to inspect, maintain, test, and repair the container and component electrical equipment involved in the accident prior to placing the container in the stream of commerce, failed to provide reasonable safeguards to prevent or otherwise avoid such accidents like those that caused Plaintiff's injury, and were otherwise negligent in connection with the manufacture, design, assembly, installation, sale, lease, and other distribution of the container and component electrical equipment involved in the accident.

24. Furthermore, to the extent there were any warranties, express or implied, made by Evergreen Taiwan, Triton, ABB, and/or Does 1-30 regarding the functionality and safety of the electrical equipment or the container involved in the aforementioned accident, or their component parts, those warranties were likewise breached.

25. As a direct and proximate result of the aforementioned negligent acts, omissions, and breaches by defendants Evergreen Taiwan, Triton, ABB, and Does 1-30, and their agents, employees, and servants, the accident of September 19, 2020 described herein occurred, causing Plaintiff to sustain physical injuries to his body, psychological injury, and damages, in amounts presently unascertained, for past and future medical and mental health care expenses, past and future wage losses, lost earning capacity, and general damages both for garden-variety pain and suffering and for psychological injury and emotional distress.

### SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

26. Plaintiff incorporates paragraphs 1 through 25, above, as though fully set forth herein.

27. At all relevant times, defendants ABB and Does 1-30, and their agents and employees, were in the business of designing, manufacturing, assembling, selling, leasing, and distributing electrical equipment, including component parts thereof, such as that electrical equipment involved in the accident described herein.

28. Defendants ABB and Does 1-30, and their agents and employees, in fact designed, manufactured, assembled, sold, leased, and distributed the electrical equipment and component parts whose failure led to the September 19, 2020 accident described herein.

29. At all relevant times, defendants Triton and Does 1-30, and their agents and employees, were in the business of designing, manufacturing, assembling, selling, leasing, and distributing intermodal containers, including component parts thereof, such as that intermodal container involved in the accident described herein.

30. Defendants Triton and Does 1-30, and their agents and employees, in fact designed, manufactured, assembled, sold, leased, and distributed the intermodal container whose failure led to the September 19, 2020 accident described herein.

31. The electrical equipment and container involved in the incident that is the subject of this action were defective, in that they contained manufacturing defects and/or design defects, failed to perform safely and in the manner in which an ordinary user would have expected them to perform, and were defective due to a failure to warn in that Defendants Evergreen Taiwan, ABB, Triton, and Does 1-30 failed to warn of risks associated with such products that they knew or should have known of.

32. That as a direct and proximate result of the accident caused by the defective eletrical equipment and container which were designed, manufactured, assembled, sold, leased, and otherwise distributed by defendants ABB, Triton, and Does 1-30, and their agents, employees, and servants, the accident of September 19, 2020 described herein occurred, causing Plaintiff to sustain physical injuries to his body, psychological injury, and damages, in amounts presently unascertained, for past and future medical and mental health care expenses, past and future wage losses, lost earning capacity, and general damages both for garden-variety pain and suffering and for psychological injury and emotional distress.

//

//

**PRAYER FOR RELIEF**

Plaintiff therefore requests that the Court enter judgment in his favor and against defendants, and awards to plaintiff the following:

1. The full amount of Plaintiff's special and general damages, according to proof;
2. Pre- and post- judgment interest on any damage awards;
3. Statutory costs and fees;
4. Additional relief as the Court deems just, equitable, and appropriate.

DATED: September 10, 2022                                   WELTIN, STREB & WELTIN LLP

                                                            _____
                                                            Michael Villeggiante
                                                            Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff David Boardman hereby demands a trial by jury.

DATED: September 10, 2022                                   WELTIN, STREB & WELTIN LLP

                                                            _____
                                                            Michael Villeggiante
                                                            Attorneys for Plaintiff